**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAURICE A.H.[1], <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Civil Action No. 20-18687 (GC) <br> **MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff's counsel's unopposed Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) of the Social Security Act. (ECF No. 20.) The Court decides the motion based on the written submissions of the parties and without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

On March 14, 2022, the Court (Wolfson, C.J.) entered a Consent Order and Final Judgement Order in this action for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, that reversed the Commissioner of Social Security's decision and remanded for further consideration. (ECF Nos. 15, 16.)

Following the Court's decision, the parties stipulated that pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), Plaintiff was to be awarded $8,100.00 in attorney's fees and $400.00 in costs, which was entered by the Court on April 1, 2022. (ECF No. 19.)

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

On July 20, 2023, Plaintiff's counsel moved pursuant to 42 U.S.C. § 406 for fees to be awarded to Langton & Alter, Esqs., in the amount of $44,748.50. (ECF No. 20.) Counsel submits that, following the Court's judgment vacating the Commissioner's decision, "[t]he SSA Award Letter dated July 15, 2023 states the plaintiff's total past due benefits were $178,994.[00]." (ECF No. 20-3 at 2.[2])

Counsel asks the Court to award $44,748.50 in attorney's fees, which represents 25 percent of Plaintiff's total withheld benefits. (*Id.*) Attached to Plaintiff's motion is an itemization of services rendered that reflects 38.8 hours expended on the civil action. (ECF No. 20-5.) Also attached is the contingency fee agreement between Plaintiff and counsel that states that Plaintiff agreed to a fee of twenty-five percent of past-due benefits. (ECF No. 20-6.) Counsel also provides a copy of the July 15, 2023 notice of award from the Social Security Administration that states that Plaintiff was awarded $137,034.40 in past-due benefits, and that Defendant withheld $44,748.50 "in case we need to pay your representative." (ECF No. 20-7 at 2-3.) Counsel also notes that Plaintiff has reviewed this motion and "agrees with payment of $44,748.50 in attorney fees." (ECF No. 20-3 at 5.)

Defendant filed a response to the motion that states that "Defendant neither supports nor opposes counsel's request for attorney's fees." (ECF No. 22.) Defendant writes that the Commissioner's role is to be "a trustee for claimants" and that it is for the Court to decide if the request is reasonable under the law. (ECF No. 22 at 2 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)).)[3]

---

[2]  Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3]  The Court entered a Text Order on November 13, 2023 (ECF No. 25) requesting that Plaintiff's Counsel file a "sworn certification setting forth counsel's normal hourly billing charge for noncontingent-fee cases." Plaintiff's counsel filed an affidavit on November 21, 2023, which

2

The attorney-fee provision of the Social Security Act states:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

[42 U.S.C. § 406(b)(1)(A).]

Contingent fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. The Social Security Act "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* There is one firm "boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* Factors that may weigh in favor of reducing a fee award include "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* While a litigant may be awarded fees under both the EAJA and the Social Security Act, the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits. *Id.* at 796.

Here, Plaintiff's counsel seeks the maximum twenty-five percent contingency fee, in the total amount of $44,748.50, for the approximately 38.8 hours spent litigating this case, which resulted in the Court vacating the Commissioner's earlier decision and Plaintiff eventually becoming entitled to $178,994.00 in past-due benefits. Although the attorney's fee amount

---

certified that his firm "has never set, charged or collected a 'normal hourly billing charge for non-contingency fee cases' in its 30+ years as a legal representation entity." (ECF No. 26 at 2.)

3

compared to the number of hours expended by counsel is on the higher end of what the Court believes is reasonable, there is no evidence of delay or other factors that convince the Court it is necessary under the present circumstances to reduce the award sought.[4] The Court has reviewed the itemization of services rendered and believes the time attributed to particular tasks is reasonable, and counsel's work resulted in a favorable decision to Plaintiff. Further, counsel has significant experience representing claimants in Social Security matters and took the representation on a contingency basis, which meant that there was a chance counsel could have received nothing if the decision had been unfavorable. Also, counsel notes that Plaintiff does not object to this application. Moreover, in searching similar cases, the Court has identified fee awards in the same general per hour amount. *See, e.g., Acosta v. Comm'r Soc. Sec.*, Civ. No. 22-1454, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) ($18,303.25 in fees for 17.1 hours); *Curry v. Comm'r of Soc. Sec.*, Civ. No. 15-7515, 2023 WL 6533443, at *1 (D.N.J. Oct. 6, 2023) ($30,735.75 in fees for 28.7 hours); *Wilson v. Astrue*, 622 F. Supp. 2d 132, 137 (D. Del. 2008) ($21,958.13 for 19 hours); *Mignone v. Comm'r of Soc. Sec.*, Civ. No. 13-6054, 2018 WL 259949, at *2 (D.N.J. Jan. 2, 2018) ($29,500.00 in fees for 34.7 hours).

Accordingly, the Court finds that, on balance, the present contingent fee arrangement comports with § 406(b) and is reasonable. The Court will award Plaintiff's counsel the twenty-five percent of past-due benefits sought and will order counsel to remit to Plaintiff the prior award made under the EAJA. For these reasons, and other good cause shown,

**IT IS** on this 28th day of November, 2023, **ORDERED** as follows:

1. Plaintiff's counsel's Motion for Attorney's Fees is **GRANTED**. Langton & Alter, Esqs., is awarded attorney's fees under the Social Security Act, 42 U.S.C. § 406(b),

---

[4] The Court also notes that Defendant did not file an opposition, and therefore Plaintiff's counsel did not need to file a reply.

4

      in the amount of $44,748.50 (or 25% of past-due benefits due to Plaintiff by reason of this Court's judgment, whichever is less).

2. Plaintiff's counsel shall remit to Plaintiff the $8,100.00 in attorney's fees previously awarded (*see* ECF No. 19) under the Equal Access Justice Act, 28 U.S.C. § 2412.

3. Plaintiff's counsel is directed to send a copy of this Memorandum Order to Plaintiff within five (5) business days.

4. The Clerk is directed to **TERMINATE** the motion pending at ECF No. 20.

                                                                     */s/ Georgette Castner*
                                                                     **GEORGETTE CASTNER**
                                                                     **UNITED STATES DISTRICT JUDGE**